IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES CALHOUN-EL #160083 | : | |
| v. | : | Civil No. RDB-06-3185 |
| JAMES SMITH | : | |
| and | : | |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : | |

o0o
### **MEMORANDUM OPINION**

Before the Court is a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus, as supplemented and filed by James Calhoun-El, an inmate at the Jessup Correctional Institution.[1] The Court is mindful that Calhoun-El is a *pro se* litigant, and has endeavored to accord the Petition liberal interpretation. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). As best as the Court can discern, Calhoun-El is challenging his 1981 sentences in Circuit Court for Montgomery County, Maryland for murder, use of a handgun in the commission of a violent crime, armed robbery, and related offenses.[2] Specifically, Calhoun-El claims that his sentence was improperly imposed. He contends that instead of providing for a term of life sentence plus fifty years, the sentence should read life plus 15 years. *See* Supplement at Argument III.

---

[1] By order entered December 4, 2006, the Court granted Calhoun-El additional time to supplement the Petition.

[2] To the extent Calhoun-El may have intended to challenge other judgments in the Petition, "a petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2 (e), Rules Governing Section 2254 Cases in the United States District Courts. Further, Calhoun-El's attempt to bring this action pursuant to 18 U.S.C. § 3582(c) or Rule 35 of the Federal Rules of Criminal Procedure is unavailing because he is challenging a sentence imposed by a state court.

The instant petition is a second or successive § 2254 habeas petition.[3]   A prisoner may file a successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application, and the circuit court has issued such an order.  *See* 28 U.S.C. §2244(b)(3)(A).  Petitioner neither claims nor demonstrates that he has obtained authorization for a second or successive petition, and this motion will be dismissed without prejudice.  *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).  An order consistent with this Memorandum Opinion follows.


<u>January 5, 2007</u>                              /s/
DATE                                        RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE

---

[3]   *See Calhoun v. Corcoran*, Civil Action No. BEL-02-1114 (D. Md); *Calhoun-El v. Corcoran, et al.,* Civil Action No. BEL-96-3476 (D. Md); *Calhoun-El v. Smith, et al.,* Civil Action No. FAK-91-2191 (D. Md); *Calhoun-El v. Smith, et al.*, Civil Action No. FAK-91-1276 (D. Md); *Calhoun-El v. Lyles,* Civil Action No. ESN-87-2486 (D. Md).